## INLAND PROPERTIES COMPANY, Plaintiff, v. UNION PROPERTIES, INC., Defendant.

Common Pleas Court, Cuyahoga County.

No. 605096.   Decided April 17, 1951.

Deibel, Elbrecht & Roberts, Harry Deibel, Cleveland, for plaintiff.

Harold O. Ziegler & Sylvester Marx, Harold O. Ziegler, Cleveland, for defendant.

### OPINION

By HOOVER, J:

This is an action to establish plaintiff as a depositor and creditor of the defunct Union Trust Company and, as such, to obtain a share in the distribution of that bank's assets.

At this point we are concerned with ruling on two motions. One is defendant's motion for judgment on the pleadings and on plaintiff's opening statement. The other is plaintiff's subsequent motion for leave to substitute new parties defendant and to file an amended petition. There is but one defendant, The Union Properties, Inc. Neither The Union Trust Company nor the Superintendent of Banks is a defendant.

The petition which is put to test by defendant's motion was filed in July 1949. It alleges:

"that in the year 1933 the Superintendent of Banks of the State of Ohio took charge of said The Union Trust Company for liquidation; that the defendant Union Properties, Inc. is an Ohio corporation organized to assist the Superintendent of Banks in such liquidation, and as such liquidating agency has in its name and under its custody and control all existing assets of said The Union Trust Company, including all funds deposited with it, and is engaged in paying all creditors of said The Union Trust Company, including depositors of moneys.

"Plaintiff says further it had checking accounts with said The Union Trust Company, and in the year 1929 deposited in said accounts in its name various sums aggregating Thirty Thousand Four Hundred Eighty-two Dollars and Seventy-eight Cents ($30,482.78) no part of which has been repaid to it although on March 30, 1949, it made due demand for payment, and on April 27, 1949, its demand was refused.

"Wherefore, Plaintiff prays for judgment against the defendant in the sum of Thirty Thousand Four Hundred Eighty-two Dollars and Seventy-eight Cents ($30,482.78) together with interest."

We need not consider all the reasons advanced by defendant in support of its motion. One arrow, if fatal, is fatal enough. The deadly defect here is plaintiff's failure to sue "**the superintendent of banks and such bank,**" as required by §710-92 GC. Plaintiff says that defendant is an agent assisting the Superintendent in the liquidation. Plaintiff does not say that the defendant has supplanted the Superintendent. The Superintendent, and not the defendant, is still the liquidator. There is no authority to sue an assister in place of "the superintendent of banks and such bank." The Ohio Banking Act provides an exclusive method of procedure for liquidation of a bank and for establishing one's right to share as a creditor in the bank's assets. **National City Bank v. Guardian Trust Co., 13 O. O. 21, aff'd 137 Oh St 279.** When the Superintendent takes charge for liquidation and when the Superintendent rejects a claim, then, in order

for a claimant to establish his right to share in the assets, that claimant must obey the clear edict of §710-92 GC. He "shall bring an action against"—not the governor, not the cashier, not the janitor, not the assister—but "against the superintendent of banks and such bank." Language could not be clearer. On that set of facts and with nothing more appearing, defendant would be entitled to have its motion granted.

However, when the Court orally indicated that it was inclined to grant defendant's motion, plaintiff filed a motion asking leave forthwith to substitute new parties defendant and to file an amended petition. Specifically, the plaintiff wants to take the present sole defendant (Union Properties, Inc.) out of the case and, in its place, substitute two new parties defendant, namely, the Superintendent of Banks and The Union Trust Company.

Plaintiff's reason for wanting to substitute these two new proposed defendants in this action instead of bringing a new action against them is obvious. Sec. 710-92 GC requires that one whose claim has been rejected by the Superintendent shall "bring an action against the superintendent of banks and such bank, **within three months after such rejection** or refusal of allowance, or **be forever barred** from asserting the same." Plaintiff indicates that its claim was rejected on April 27, 1949—almost two years ago. Hence, if plaintiff were now for the first time to sue these proposed defendants in a new action, it would be barred by that special statute of limitations. However, if plaintiff can now substitute these proposed defendants in this action and if this action can be construed as having been brought against the proposed defendants as of the time this action was originally brought, and not as of the time of substitution, plaintiff would contend that such statute of limitation is not a bar.

Sec. 11363 GC gives a trial court very broad powers with reference to amendments. It provides in part:

"Before or after judgment, **in furtherance of justice** and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, **by adding or striking out the name of any party,** or by correcting a mistake in the name of a party * * *."

Note the qualification "in furtherance of justice."

It is pertinent to inquire whether by this proposed substitution of parties, the plaintiff can circumvent the statute of limitations. By syllabus three, in **Beach v. The Union Gas & Electric Co., 130 Oh St 280,** the Supreme Court stated the law to be:

"A court cannot, by permitting an amendment to a pleading making or substituting a new party defendant to an action, forestall the right of such party to invoke the statutory period of limitation as a bar to the action against him. The general rule is that, when an amendment is permitted introducing a new party defendant, where the period limitation has expired between the suit's commencement and the time the new party is brought in, such party may plead the limitation statute in bar of his liability."

A glance at Shepard's Citations shows that rule still stands untouched and untarnished. True, in **Moherman v. Nickles, 140 Oh St 450,** the court held (syl. 3):

"An amendment to a petition, in the interests of justice, reinstating a defendant who had been duly served with summons within the statutory period of limitation but had been later dismissed, may be made after the expiration of the period within which the action may be brought, provided the cause of action set out in the petition is not materially changed by such amendment, even though it results in making the party complaining the sole defendant in the action. Such amendment relates back to the time the action was commenced, and the limitation is computed from that time."

Far from overruling the Beach case, the Moherman case does not even mention the Beach case. If the Supreme Court had intended to upset the Beach case apple cart, it certainly would have made some contact with that cart. The Moherman case merely recognizes an exception to the general rule of the Beach case, i. e., in the case of a reinstatement. We have no such exception here.

Since the plaintiff would be barred by the statute of limitations even if the substitution of parties were allowed, would it be "in furtherance of justice," to permit such substitution? We think not. It would be an idle ceremony needlessly protracting litigation. In 67 C. J. S. 1029, Sec. 74e, it is said:

"Generally a party cannot be brought in as a party plaintiff or defendant where the cause of action as to him is at the time barred by the statute of limitations."

It is not necessary to determine whether the present provision of §710-92 GC requiring suit to be brought within **three months** is applicable or whether the former provision of the same statute requiring suit to be brought in **six months** is applicable. Plaintiff is barred under either provision.

Accordingly, plaintiff's motion is overruled, and defendant's motion is granted. Plaintiff's proposed amended petition which it filed at the time it filed its motion will be stricken from the case.